IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEVIN FIELDS, | * | |
| Petitioner | * | |
| v. | * | Criminal Case: SAG-19-00472 |
| | * | (Related Civil Action): SAG-24-00426 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

***

## **MEMORANDUM OPINION**

Devin Fields has filed a self-represented motion to vacate judgment pursuant to 28 U.S.C. § 2255. ECF 48. The Government has filed a response, ECF 55, and no reply has been filed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons explained below, Mr. Fields's motion will be DENIED.

On October 8, 2019, a federal grand jury returned an indictment charging Mr. Fields with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). ECF 1. The indictment alleged that Mr. Fields, "knowing he had previously been convicted of a crime punishable for a term exceeding one year, knowingly possessed a firearm and ammunition." *Id.* Mr. Fields pleaded guilty on February 20, 2020. ECF 28, 29. On May 12, 2020, this Court sentenced him to 68 months in prison, to be followed by three years of supervised release. ECF 44. He did not appeal his federal conviction or sentence, and as a result, his sentence became final on May 26, 2020. *See* FED. R. APP. P. 4(b)(1), (b)(6) (providing that a criminal defendant must notice an appeal within 14 days after the judgment is entered on the criminal docket). Mr. Fields has now completed his 68-month sentence of incarceration and, according to the BOP inmate tracker, was released from custody to his term of supervised release on June 7, 2024.

On February 12, 2024, Mr. Fields filed the instant petition seeking to vacate judgment pursuant to 28 U.S.C. § 2255. That petition is far too late. Such petitions must be filed within one year of when the latest of these four conditions occurs:

(1) The date the judgment becomes final;

(2) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was originally recognized by the United States Supreme Court; or

(4) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the latest-occurring condition would be the date the judgment became final: May 26, 2020, making Mr. Fields's petition due no later than May 26, 2021. The petition contains a single claim that Mr. Fields did not receive proper advisement under *Rehaif v. United States*, 588 U.S. 255 (2019). Because that case was decided in 2019, before Mr. Fields's conviction, the Supreme Court had recognized the right asserted before May 26, 2020. Mr. Fields could have discovered his claim on or before that date and could have raised it on direct appeal. Mr. Fields has not identified any governmental action preventing him from filing his § 2255 motion between May 26, 2021, and June 7, 2024. And his motion offers no basis for equitable tolling. Accordingly, Mr. Fields's § 2255 motion is untimely and will be denied. No certificate of appealability will issue because the petition is time-barred. A separate order follows.

Dated: July 8, 2024

                                                                                   /s/
                                              Stephanie A. Gallagher
                                              U.S. District Court Judge